THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANNAMARK, INC., a Washington Corporation, d/b/a OLEO,<br><br>                Plaintiff,<br>     v.<br><br>LIGHTHOUSE STRATEGIES, LLC, a Nevada Limited Liability Company; and CANNABINIERS, a California business entity,<br><br>                Defendants. | CASE NO. C18-1629-JCC<br><br>ORDER |

      This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.    BACKGROUND

      Plaintiff Cannamark, Inc. is a Washington corporation with its principal place of business in King County, Washington. (Dkt. No. 1-1 at 2.) Plaintiff filed this lawsuit in King County Superior Court against Defendants Lighthouse Strategies, LLC, a Nevada limited liability company with its principal place of business in California, and Cannabiniers, a California

business entity.[1] (*Id.*; Dkt. No. 2.) Plaintiff alleges that Defendants breached the parties' mutual nondisclosure agreement and is liable for violating Washington's Uniform Trade Secrets Act and Consumer Protection Act. (Dkt. No. 1-1 at 9–11.)

After Defendants removed the case to this Court, Plaintiff filed the present motion to remand. (Dkt. Nos. 1, 6.) Plaintiff asks the Court to remand the case because Defendants have failed "to prove diversity of citizenship between plaintiff and the various members of the defendant limited liability company." (Dkt. No. 6 at 1.) Defendants argue that they have alleged facts which, by a preponderance of the evidence, demonstrate that the Court has diversity jurisdiction. (Dkt. No. 23 at 7.)

## II.     DISCUSSION

### A.     Plaintiff's Motion to Remand

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). District courts have diversity jurisdiction where no plaintiff and defendant are citizens of the same state and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

District courts analyze a challenge to removal jurisdiction under the same standard

---

[1] The complaint characterizes Cannabiniers as "an unincorporated division of Lighthouse Strategies, LLC." (Dkt. No. 1-2 at 3.) In a declaration filed in opposition to remand, Defendants state that Cannabiniers "is not a discrete legal entity" but a division of U.S. Coffee & Tea Pod, LLC, which is owned by Defendant Lighthouse Strategies, LLC. (Dkt. No. 25 at 3.)

applied to a motion to dismiss for lack of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("Challenges to the existence of removal jurisdiction should be resolved within [the Rule 12(b)(1)] framework, given the parallel nature of the inquiry."). A challenge to the Court's subject matter jurisdiction can be either facial or factual. *Id*. "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.*

Here, Plaintiff makes a facial attack to the Court's subject matter jurisdiction. (Dkt. No. 6 at 4.) Plaintiff does not provide any evidence outside of the pleadings to suggest that Defendants or their members are Washington citizens, such that there is not complete diversity of citizenship.[2] Rather, Plaintiff asserts that "the complaint on its face does not plead facts sufficient to establish the existence of diversity jurisdiction . . . ." (*Id*.) Plaintiff argues that Defendants have not sufficiently alleged the citizenship of their individual members and therefore "have failed to provide competent, sufficient proof of their right to removal." (*Id*. at 6.)

In assessing Plaintiff's facial attack on jurisdiction, the Court looks to both the complaint and notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal.") (citing 28 U.S.C. § 1446(a)). The complaint alleges that Plaintiff is a Washington corporation with its principal place of business in King County, Washington. (Dkt. No. 1-1 at 2.) It further alleges that Defendant Lighthouse Strategies, LLC is a Nevada limited liability company with its principal place of business in California, and that Defendant Cannabiniers is an unincorporated division of Lighthouse Strategies, LLC. (*Id*.) The complaint does not allege that either Defendant is a citizen of Washington.

---

[2] Plaintiff does not dispute that the amount in controversy exceeds $75,000.

ORDER
C18-1629-JCC
PAGE - 3

In their notice of removal, Defendants state that Lighthouse Strategies, LLC "has 86 members, and all 86 members are citizens and residents of California, Massachusetts, Nevada, Texas, Delaware, Illinois, New Jersey, New York, and New Hampshire, and none are citizens and residents of Washington."[3] (Dkt. No. 2 at 2.) A limited liability company, like a partnership, is a citizen of every state of which "its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accepting the allegations of the complaint and notice of removal as true, as the Court must, Defendants have sufficiently alleged that each member is a citizen of a state other than Washington. In other words, Defendants have sufficiently pled that there is complete diversity of citizenship. *See NewGen, LLC*, 840 F.3d at 613–14.

Plaintiff's arguments to the contrary are unavailing. Plaintiff argues that the declarations provided by Defendants in support of removal are insufficient to establish that each of their members is a citizen of a state other than Washington. (Dkt. No. 6 at 5) ("Mr. Mayol presents nothing by way of support for his claimed personal knowledge that there are 86 members of Lighthouse Strategies, LLC, and that none of them considers himself or herself to be domiciled in, and thus a citizen of, Washington.") First, the Court need not even consider Defendants' declarations because the complaint and notice of removal contain allegations that are sufficient to establish complete diversity.[4] Second, Plaintiff's attack on Defendants' declarations is an attempt to mount a factual challenge to jurisdiction, when Plaintiff has only made a facial challenge. *See Leite*, 749 F.3d at 1121. As the Court has already noted, Plaintiff has not provided evidence that any of Defendants' members is a citizen of Washington. In essence, Plaintiff is asking this Court to not accept the allegations in Defendants' notice of removal as true and to instead require Defendants to prove complete diversity with summary judgment-type evidence.

---

[3] In a declaration made in opposition to remand, Defendants corrected themselves by stating that one of their members is a citizen of Pennsylvania, not Delaware. (Dkt. No. 25 at 2.)

[4] For that reason, Plaintiff's motion to strike the declarations (Dkt. No. 26) is DENIED. In reaching its decision, the Court did not consider Defendants' surreply (Dkt. No. 29).

Given that Plaintiff has made only a facial challenge to removal, its position amounts to burden shifting.

For those reasons, the Court FINDS that it has diversity jurisdiction over Plaintiff's claims. Plaintiff's motion to remand is DENIED.

### B. Defendants' Motion to Dismiss

In their response in opposition to Plaintiff's motion to remand, Defendants also ask the Court to *sua sponte* dismiss Plaintiff's complaint for lack of personal jurisdiction. (Dkt. No. 23 at 26.) Defendants' request is both procedurally and substantively deficient. First, the Local Civil Rules do not allow parties to raise a motion to dismiss in a response. Second, even if the Court were to *sua sponte* consider Defendants' motion, the record is inadequate to decide whether the motion has merit. Therefore, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 6) is DENIED.

DATED this 2nd day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE